**SHEREEN J. CHARLICK**
California State Bar No. 147533
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone:  (619) 234-8467
Email:  Shereen_Charlick@fd.org

Attorneys for Defendant Mr. Weller

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12CR5154-W |
| Plaintiff, | Date:  April 29, 2013<br>Time:  9:00 a.m. |
| v. | |
| PHILLIP ANDREW WELLER, II., | SUPPLEMENTAL MEMORANDUM IN REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT |
| Defendant. | |

TO: LAURA E. DUFFY, UNITED STATES ATTORNEY;
ALESSANDRA P. SERANO, ASSISTANT UNITED STATES ATTORNEY; and
TERESA Y. GUSTAFSON, UNITED STATES PROBATION OFFICER.

    The defendant, Phillip Andrew Weller, II., by and through his counsel, Shereen J. Charlick, and Federal Defenders of San Diego, Inc., hereby files this supplemental memorandum in reply to government's response in opposition to defendant's objections to Presentence Report.

                                                           Respectfully submitted,

Dated:  April 25, 2013               *s/ Shereen J. Charlick*
                                                   **SHEREEN J. CHARLICK**
                                                   Federal Defenders of San Diego, Inc.
                                                   Attorneys for Defendant Mr. Weller

1  Mr. Weller submits this supplemental pleading to respond briefly to the authority
2  cited by the Government in supposed support of its Sentencing Guideline recommendation.
3  He addresses *United States v. Li*, 2013 U.S. Dist. LEXIS 24907 (D.N. MI. Feb. 21, 2013).

4  The Government asserts that under *Li*, this Court should apply the base offense level
5  of 30 instead of level 24.  *Li* concluded that the Sentencing Guidelines for a conspiracy to
6  violate sex trafficking laws charged under the general federal conspiracy statute, 18 U.S.C.
7  § 371, should have the same base offense level as a substantive sex trafficking offense under
8  18 U.S.C. § 1591.  Government's Response, Docket Entry 34 at 2.  Even setting aside that
9  *Li* is not precedent and does not address Mr. Weller's statute of conviction, 18 U.S.C. §
10 1594, *Li* actually supports Mr. Weller's sentencing requests for two reasons -- both not
11 noted by the Government:

- *Li* concluded that the by punishing substantive section 1591 violations identically with conspiracies to violate section 1591, the Sentencing Guidelines <u>violated</u> Congress's intent to punish conspiracies less severely.  It noted:

> This Court also concludes the Sentencing Guidelines treatment of conspiracies to violate section 1591 <u>is contrary to both the statute and Congress' intent.</u>

*Li*, 2013 U.S. Dist. LEXIS 24907 at *6 (emphasis added); *see also id*. at *10 ("The Sentencing Guidelines contradict the statute by punishing a substantive violation of Section 1591 and a conspiracy to violate it the same").   And, in *Li*,

- Mr. Li was not sentenced to the base offense level 34 -- *Li* found courts could impose a lower sentence where the Sentencing Guidelines sentences were greater than what the statutory scheme required.  The *Li* Court thus honored the plea agreement which contained a joint recommendation for an adjusted offense level of 18.

*Id*. at *14.  By disregarding congressional intent and the differing punishments called for under sections 1591 and 1594, the Sentencing Commission "did not take adequate consideration in formulating its guidelines."  *Id*.

Mr. Weller does not believe that *Li* correctly interprets the Sentencing Guidelines but even accepting that it does, *Li* is support for imposing a lower base offense level -- even lower than the 24 Mr. Weller requests -- as the *Li* Court did.  Mr. Li received a plea bargain to an adjusted offense level of 18 for a conspiracy to violate section 1591 which is

12CR5154-W

1 essentially the same offense Mr. Weller pleaded guilty to. This demonstrates the potential
2 for great sentencing disparity in this case. If this Court accepts *Li's* reasoning, *Li* provides
3 support under 18 U.S.C. § 3553(a) for a downward variance in Mr. Weller's case for two
4 reasons: first, as *Li* noted: because the Sentencing Commission's failed to implement
5 congressional intent and failed to take adequate consideration in drafting U.S.S.G. § 2G1.3,
6 and second, under section 3553(a)(6), to avoid the unwarranted sentencing disparity which
7 would occur by imposing the greatly inflated base offense level upon Mr. Weller. Under
8 *Li,* Mr. Weller's sentence should be far less than the Government's recommended 135
9 months.

                                                      Respectfully submitted,

12 Dated: April 25, 2013       */s Shereen J. Charlick*
                                         **SHEREEN J. CHARLICK**
13                                          Federal Defenders of San Diego, Inc.
                                         Attorneys for Defendant Mr. Weller

# CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon:

**ALESSANDRA P. SERANO**
Alessandra.Serano@usdoj.gov,efile.dkt.gc1@usdoj.gov

**Teresa Y. Gustafon**
United States Probation Officer via email

Dated:  April 25, 2013

*/s/  Shereen J. Charlick*
**SHEREEN J. CHARLICK**
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA  92101
e-mail: Shereen_Charlick@fd.org